Dear Mr. Burson:
This office is in receipt of your request for an opinion of the Attorney General in regard to authority of officers of the non-profit corporation operating the Plaisance Water System in the St. Landry Parish. You indicate a five person Board of Directors governs this corporation and officers are a President, Vice-President, and Secretary-Treasurer, the latter being a member of the Board of Directors. The Secretary-Treasurer authorized one of the other Board members to make deposits for the corporation while he was absent on vacation with a third member signing his assent to this arrangement. You ask if this arrangement is valid under Louisiana non-profit corporation law and other applicable law.
As previously observed by this office in Atty. Gen. Op. No. 94-309 a non-profit corporation existing under R.S. 12:201 et seq is governed by its by-laws, and by-laws, which have a more rigid standard than state law, are controlling over the statute.
Consistent with this we note that R.S. 12:225 (D) sets forth as follows:
 Officers and agents shall have such authority and perform such duties in the management of the property and affairs of the corporation as may be prescribed in the by-laws or by the board. (emphasis added.)
Similarly, R.S. 12:82 authorizes the board of directors to elect a president, secretary and treasurer and may elect vice presidents, and the officers shall have such authority and perform such duties in the management of the affairs of the corporation "as may be prescribed in the by-laws or by the board".
Additionally, R.S. 12:207 states a corporation shall have the power to perform any acts which are necessary to accomplish its purposes, and shall have authority "to elect or appoint officers and agents, to define their duties" and "to make and alter by-laws, not inconsistent with the laws of this state or with the articles, for the administration and regulation of the affairs of the corporation".
Therefore, consideration should be given to any requirement in the by-laws for a quorum to conduct a meeting, and a majority vote thereof to conduct any business that may be pertinent to this action. As seen in Robert's Rules of Order when a quorum is present, a majority of those in attendance is sufficient for adoption of a motion. While it does not appear the action in question was adopted in the presence of a quorum, this may not be necessary for designating another to make a deposit unless so specified in the by-laws.
Accordingly, your inquiry would be governed by the corporate by-laws as to the legality of the procedure in question for every organization which should state in its by-laws the number of votes required on a decision for operation of the business. Thus, the question should be considered to be, whether the Secretary-Treasurer, who it is assumed is directed to make deposits, is restricted from designating this duty to another.
Alternatively, there may be ratification of acts performed by a corporate official without formal authority to perform the act by express or implied approval of the Board as long as not prohibited by the charter, a statute or contrary to public policy. It would appear herein there was express approval for the delegation by the Secretary-Treasurer for the deposits during his absence by the concurrence of his action by two others of the five man board.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General RPI:BBR:gbe